A92A2186. GRAY v. THE STATE.
(428 SE2d 663)

BIRDSONG, Presiding Judge.
Curtis O'Neal Gray appeals his convictions for burglary and aggravated assault with intent to rape. Gray contends the trial court erred by denying his motion for a directed verdict of acquittal and by denying his motion to suppress evidence resulting from his alleged illegal arrest. *Held:*

1. Gray's contention that the trial court erred by denying his motion for a directed verdict of acquittal is without merit. Granting such a motion is authorized only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). On appeal a court reviewing the denial of a motion for a directed verdict of acquittal may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). In this appeal, the transcript shows the following evidence supporting the verdict: the victim identified Gray as the man who attacked her in her apartment, Gray was apprehended while flee-

ing the victim's apartment complex at a high rate of speed, he had clothing as described by the victim, including gloves showing the presence of saliva that was consistent with the victim's statement she bit her attacker while he had on gloves, Gray's shoes and socks were wet and had grass clippings from the area outside the victim's apartment, and the soil on his shoes matched the soil outside the victim's apartment. Accordingly, there was ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Gray was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Therefore, the trial court did not err by denying Gray's motion.

2. Gray also contends the trial court erred by denying his motion to suppress evidence resulting from what he terms an arrest without probable cause. He asserts that he was arrested when the police officer handcuffed him and placed him in the rear of the police car when the information the officer possessed was insufficient to give probable cause for arrest. He contends the description of the attacker provided to the officer on the scene did not match Gray's actual appearance, and also contends the officer's testimony that he did not arrest Gray when he handcuffed and placed Gray in the car is an admission the officer did not have probable cause. Following presentation of evidence on the motion and hearing argument, the trial court denied the motion without explaining its reasons.

Under the evidence in this case, we need not resolve whether Gray was arrested or merely detained under an extended *Terry* investigative stop (see *Williams v. State*, 251 Ga. 749, 792 (312 SE2d 40)) because the officer had probable cause for Gray's arrest at that time. Therefore, whether the officer was correct in his belief that he had not taken Gray in custody is of no legal significance. See *Morgan v. State*, 195 Ga. App. 732, 734-735 (394 SE2d 639).

At the crucial time when Gray was handcuffed and placed in the police car (see *Hall v. State*, 200 Ga. App. 585, 586 (409 SE2d 221)), the officer knew the following: At approximately 3:00 a.m. while responding to a burglary in progress call at an apartment complex, he saw an automobile depart the apartments at a high rate of speed without stopping. When he stopped the car, Gray, the sole occupant of the car, appeared extremely nervous and immediately approached the police car until he was directed to return to his car and place his hands on the car. Even though the night was cool enough that the officer could see his own breath and Gray was wearing only a white tank top, dark blue shorts, tube socks, and black athletic shoes, sweat was rolling down Gray's head, arms, and body and he was breathing heavily as if he had just finished a foot race. Also, when asked to explain his activities, Gray's answers had him in the process of returning to his home in Palmetto (some 15 miles from his location)

from either Griffin, Columbus, or Thomaston even though the direct route from any of those locations would not lead him to the road where he was stopped. Additionally, because of the radio call from the other officer, the arresting officer had a description of the perpetrator that stated the person was a black male, approximately five foot eight inches or five foot nine inches and weighing 170-180 pounds who, at the time of the attack, was wearing dark clothing with long sleeves and perhaps gloves. Further, noticing Gray's shoes and socks were soaking wet and covered with grass clippings, the officer asked the other officer if it was wet and there was freshly cut grass near the scene of the crime, and was told that both conditions existed. During this time, Gray was supposed to be standing with his hands on his car, but he kept taking his hands off the car, standing up and leaning down, and looking around very quickly. Further, the more the police officers talked on the radio, the more nervous Gray appeared. At this point, the officer became concerned that Gray might attack him or attempt to run away; he decided to place him in handcuffs in the police car until the situation was sorted out.

In reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for the decision. *Brown v. State*, 190 Ga. App. 324, 326 (378 SE2d 908). In so doing, we may consider all relevant evidence of record, wherever located, including evidence introduced at a suppression hearing and that introduced at trial (*Newsome v. State*, 192 Ga. App. 846, 847 (386 SE2d 887)); we construe the evidence most favorably to uphold the findings and judgment, and must adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. *Ragin v. State*, 192 Ga. App. 686, 687 (385 SE2d 770); *Watson v. State*, 190 Ga. App. 696 (379 SE2d 817). Further, since the trial court sits as the trier of facts, its findings will not be disturbed if there is any evidence to support them. *Ward v. State*, 193 Ga. App. 137, 138 (387 SE2d 150).

Although the description provided did not exactly match Gray's appearance, it need not do so for the officer to consider the information. *Cobb v. State*, 244 Ga. 344 (260 SE2d 60); *Creecy v. State*, 235 Ga. 542-543 (221 SE2d 17). Additionally, the officer was allowed to consider the information received over the police radio. *Parker v. State*, 161 Ga. App. 37, 39 (288 SE2d 852).

When the information received by radio is added to the officer's own observations of Gray's appearance and Gray's actions, it is apparent that abundant facts and circumstances existed to cause a reasonably prudent man to conclude that Gray had committed the offense of burglary. *Sanders v. State*, 235 Ga. 425, 440 (219 SE2d 768); *Davis v. State*, 203 Ga. App. 227, 228 (416 SE2d 771).

As the officer had probable cause to arrest Gray, any arrest was

valid under both the United States and Georgia Constitutions. *Newsome v. State*, supra at 849; *Burroughs v. State*, 190 Ga. App. 467 (379 SE2d 175). Consequently, the trial court did not err by denying the motion to suppress.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1993 — 

*George M. Johnson*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Patsy Y. Porter, Assistant District Attorneys*, for appellee.