A95A0401. HOWIE v. THE STATE.
(459 SE2d 179)

Ruffin, Judge.

Thomas Howie was convicted of robbery and appeals his judgment of conviction following the denial of his motion for new trial.

The victim in this case, an elderly gentleman, was sweeping his sidewalk when someone grabbed him from behind and stole his wallet which contained five $100 bills. The robber fled to an apartment complex across the street from the victim's house. The victim told the police the robber was wearing white jeans with a blue stripe and a white buttoned-down shirt. After the victim described the robber to the police, an alert was broadcasted over the police radio for a thin, black male approximately six feet tall, who had a mustache and was wearing an earring and light-colored clothing.

At the hearing on Howie's motion to suppress and at trial, police officers testified to the following. Responding to the radio call, police drove to the area of the robbery and approximately two minutes later, they spotted Howie at an apartment complex across the street from the victim's house. When Howie saw their police car, he began to run, but the officers blocked him in with their car and told him to stop and to place his hands on the car. Howie was not free to leave at this point. Officer Willix testified that Howie seemed nervous, jittery, and evasive when asked his name and why he was running.

After Howie was in custody, he was searched and a wallet containing five $100 bills was found in his pocket. When questioned, Howie gave a fictitious name and initially told the officers he was staying at a nearby motel but later changed his story to say he lived under a highway bridge. He was then taken to the victim's house for identification, and the victim stated he was fairly certain Howie was the same man who robbed him except that his clothes were different.

When Howie was questioned at the police station, a card in the wallet revealed his true address to be an apartment complex across the street from the victim's house. After Howie's wife consented, the apartment was searched, and police found a pair of white jeans with a blue design and a white buttoned-down shirt on the floor. The clothes were brought to the victim who confirmed they were the exact clothes worn by his attacker.

1. Howie contends the trial court erred in denying his motion to suppress evidence found during his warrantless arrest. He argues that the arresting officers lacked probable cause to arrest him and that the ensuing search of his wallet was unlawful. We disagree. The officers testified at the suppression hearing that Howie matched the physical description of the suspect which had been broadcasted on the police radio. Although the description of the clothing the suspect was wearing did not exactly match those worn by Howie, this was not fatal and

did not prevent the officers from considering the description of the suspect's physical appearance such as build, race, and facial hair. See *Gray v. State*, 207 Ga. App. 648 (2) (428 SE2d 663) (1993). In addition, Howie was spotted across the street from the scene of the crime within minutes after it occurred, and he began to run when he saw the police officers.

We have held that "[p]robable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances. . . . Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search." (Citations and punctuation omitted.) *State v. Billoups*, 191 Ga. App. 834, 835 (383 SE2d 198) (1989). We conclude, based on the totality of these circumstances, including Howie's attempted flight upon seeing the police car, that there was probable cause for the warrantless arrest.

2. Having determined that probable cause existed for the warrantless arrest of Howie, we accordingly hold that the ensuing search of his person was authorized pursuant to that arrest. See *Paxton v. State*, 160 Ga. App. 19 (1) (285 SE2d 741) (1981). Accordingly, we do not reach the issue of whether the seizure of Howie's wallet — which clearly did not resemble a weapon — would have been permissible as a protective search for weapons had the circumstances warranted merely a limited *Terry*-type detention rather than an arrest.

3. Howie contends the search of his apartment was unlawful and that the trial court erred in denying his motion to suppress evidence seized from the apartment. Howie's wife testified that she is a diabetic and went home the day of the arrest to take her medication. When she arrived home, a police officer was outside her door, and Mrs. Howie testified that he detained her for 15 minutes until Detective Christopher arrived. Mrs. Howie also testified that she explained she needed to enter the apartment to take her medicine because she was going into a diabetic shock but that when Detective Christopher arrived, he refused to allow her to enter the apartment until she signed a form consenting to a search.

In contrast, Detective Christopher testified that he did not refuse to allow Mrs. Howie to enter the apartment until she signed the consent to search. The evidence being in conflict as to whether valid consent was given, the issue was a matter for the trial court as the finder of fact. *State v. Williams*, 212 Ga. App. 164, 165 (1) (441 SE2d 501) (1994). The court's finding on this issue has not been shown to be clearly erroneous, and therefore, we must accept it. Id.

4. Howie contends that the jury's verdict is contrary to the weight of the admissible evidence. In light of our holdings in Divisions 2 and 3 that the fruits of the search of Howie and his apartment were admissible, and viewing that and other evidence in a light most

favorable to support the verdict, we find that a rational trier of fact could have found guilt of robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Howie also contends the trial court erred in denying his *Batson* motion regarding the State's peremptory strikes of the only two black jurors on the venire. *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Howie argues that the State's proffered reasons for striking the two jurors — that they worked in the legal field and were young — were guises and insufficient to overcome his motion because a younger, white juror was not struck and because the juror struck who purportedly worked in the "legal field" was only a copier for Atlanta Legal Copies.

However, Howie offers only an allegation but no proof in the record that a younger, white juror was seated. Moreover, while we are aware that a reason given to strike a black juror which is not used against a white juror is particularly suspect, "[w]e are not authorized to create an inference of discrimination . . . where none has been found by the trial court, to whose findings we must give great deference. [Cit.]" *Lingo v. State*, 263 Ga. 664, 668 (437 SE2d 463) (1993). With that proviso in mind, we examine the second reason given for striking juror number 73, that his job as a copier involved the legal field. This reason was neutral and related to the case (see *Gamble v. State*, 257 Ga. 325 (5) (357 SE2d 792) (1987)), and if the trial court found no inference of discrimination in application, we are not authorized to ignore this finding unless it is clearly erroneous. *Lingo*, supra. We do not find that it is. Accordingly, we find no error in the denial of Howie's *Batson* challenges.

6. Howie contends the trial court erred in failing to grant his motion for a mistrial after it was learned that a juror made improper comments to other jurors about quickly finding Howie guilty. However, the record demonstrates that when discussing the appropriate remedy with the court, Howie's attorney never moved for a mistrial and stated only that he was not waiving his right to a mistrial; thus, nothing was preserved for appellate review on this issue. *Gazaway v. State*, 210 Ga. App. 540 (2) (436 SE2d 738) (1993).

7. In two enumerations of error, Howie complains of three instances where the State led a witness. "A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error." (Citation and punctuation omitted.) *Barker v. State*, 211 Ga. App. 279, 280 (3) (438 SE2d 649) (1993). After reviewing the record, we find no abuse of discretion, prejudice, or injury. Accordingly, this enumeration is without merit.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 3, 1995 —
RECONSIDERATION DISMISSED JULY 19, 1995.

*Lauren L. Becker*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.