## A99A0024. EDGERTON v. THE STATE.
(516 SE2d 830)

BARNES, Judge.

After marijuana and cocaine were found during a search of his car, Joseph Limuel Edgerton was indicted for possession of more than an ounce of marijuana and possession of more than twenty-eight grams of a mixture with a purity of more than ten percent cocaine. Later, he filed a motion to suppress evidence of the drugs contending they were seized during an illegal search. When this motion was denied, Edgerton waived his right to a jury trial and during a bench trial stipulated to sufficient facts for the trial court to find him guilty of the offenses for which he was indicted.

---

Based upon the evidence presented during the hearing on Edgerton's motion to suppress, the trial court found that the officers had probable cause to search Edgerton's car under the totality of the circumstances, including the information provided by the informant and the existing, exigent circumstances. On appeal Edgerton contends the trial court erred by refusing to suppress the marijuana and cocaine seized during an illegal search. We disagree and affirm.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.
>
> Second, the trial court's decision with regard to the questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). Nevertheless when, as in this case, the evidence concerning a motion to suppress is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Viewed in the light most favorable to the trial court's findings and judgment, the evidence shows an informant told a Fayette County Deputy Sheriff that Joe, a black male, would be driving a dark blue Ford Escort with five-spoke wheel rims, tinted windows, and a dark license tag cover into Clayton County on Georgia Highway 85 from Clark Howell Road at approximately 6:00 p.m. to 6:30 p.m. that day, going to Laurel Park Apartments. The informant further stated the driver would be armed and in possession of a large amount of cocaine and that he saw Edgerton with drugs at an earlier time.

The deputy testified that this informant had never provided any information in the past, was a suspect in a criminal investigation, and the deputy knew him in connection with that arrest and had interviewed him before. The Fayette County deputy reported this

information to the Sheriff's Department of Clayton County, and it was the basis for the traffic stop.

A Clayton County Deputy Sheriff testified that he was called by the county narcotics undercover unit to stop the car for them and that he was given certain information about the car he was to pull over. He was told the subject's name, the type of vehicle he would be driving, and the tag number. He was also told that the driver would be transporting narcotics down Highway 85 toward the Riverdale area and had been armed in the past. The car would be a blue Ford Escort with fancy rims and tires.

After the deputy was alerted by an undercover lookout that the car was headed in his direction, the vehicle passed him and he pulled it over. He then asked the driver, identified as Edgerton, for his consent to search the car, but was refused. Edgerton denied having narcotics or a gun in the car, but later admitted to having a gun in the car.

Later, another deputy arrived and searched Edgerton's car. He found a pistol and cocaine in the passenger compartment; a more thorough search revealed more cocaine and a large amount of marijuana.

We agree with the trial court that the information provided and upon which the officer acted when stopping Edgerton was sufficient to provide probable cause to search Edgerton's car. Information from a known informant of unknown reliability has more indicia of reliability than an anonymous tip (*State v. Jarrells*, 207 Ga. App. 192 (2) (427 SE2d 568) (1993)), and although information regarding the reliability of the informant is highly relevant, the absence of such information is not fatal. *Munson v. State*, 211 Ga. App. 80, 82 (438 SE2d 123) (1993). Even when information about an informant's veracity or basis of knowledge cannot be provided, a tip may be reliable enough if it is sufficiently corroborated. *Langford v. State*, 213 Ga. App. 232, 234 (1) (444 SE2d 153) (1994). In this instance the information provided to and corroborated by the deputy was very detailed and included information that was not available to the general public, such as the route and time of travel. See *State v. Bryant*, 210 Ga. App. 319, 321 (436 SE2d 57) (1993).

Under the totality of the circumstances of this case, we find the information available to the deputies was sufficient to provide probable cause to search Edgerton's car.

> While an informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of his report, these elements are not entirely separate and independent requirements to be rigidly exacted in every case. Rather, they should be understood simply as closely

intertwined issues that may usefully illuminate the common-sense, practical question whether there is probable cause to believe that contraband or evidence is located in a particular place.

For probable cause to search a person without a warrant, we must look to the parameters of police knowledge at the time the search occurred to determine if that knowledge was such as would justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. The reviewing court must determine under the totality of the circumstances whether the evidence in this case showed a fair probability that contraband or evidence of a crime would be found in a particular place.

(Citation and punctuation omitted.) *Brooks v. State*, 208 Ga. App. 680, 681 (1) (431 SE2d 466) (1993).

Accordingly, the trial court did not err by denying Edgerton's motion to suppress and allowing the drugs to be introduced in evidence.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 28, 1999.

*Steven M. Frey*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.