## A03A1034. THE STATE v. LOWE.
(587 SE2d 169)

Barnes, Judge.

The State of Georgia appeals the trial court's grant of Robert Lowe's motion to suppress evidence. OCGA § 5-7-1 (a) (4). The State contends the trial court erred by granting the motion because Lowe lacked standing to challenge the search, the search was incident to a lawful arrest, and the items seized were in plain view. For the reasons that follow, we reverse.

Viewed in the light most favorable to the verdict, the evidence shows that police officers responded to a suspicious persons call at a pharmacy. The officers arrived at the scene and began surveillance of Lowe and his companion, Saldona. With an officer keeping surveillance on them, Lowe and Saldona then left the pharmacy without purchasing anything, quickly entered a car, and left the parking lot at a high rate of speed. The officer saw Lowe and Saldona's vehicle slide into a ditch and hit a stop sign. The vehicle then rolled through another stop sign, and another officer finally stopped the vehicle. The driver, Saldona, was arrested, and Lowe was asked to step from the passenger side of the car. When an officer did a cursory pat-down of Lowe to check for weapons, a syringe dropped from his person. The officers asked Lowe if he had anything else on him, and Lowe became unruly and would not cooperate with the pat-down. Eventually, the officers placed Lowe under arrest for obstruction. Thereafter, the officers searched the car and found the contested items associated with the use and manufacture of methamphetamine.

The trial court granted Lowe's motion to suppress the evidence retrieved from the search without explanation. Lowe contends the trial court's ruling was correct because he has standing to challenge the search, the search was not incident to a lawful arrest since the police had no reason to stop Lowe and Saldona, and even if some items were in plain view the officers did not have the authority to search the entire car.

We find that, regardless of whether Lowe has standing or whether the items were in plain view, the search was incident to a lawful arrest. Therefore, the trial court erred in granting the motion to suppress.

Because the officers saw the vehicle drive at a high rate of speed into a ditch and hit a stop sign, the arrest of the driver for reckless driving[1] was authorized. An officer may make a warrantless arrest if he has probable cause to believe the accused has committed or is committing an offense. *Ross v. State*, 255 Ga. App. 462, 464 (566 SE2d 47) (2002). Further, the arrest was lawful even though the officer could have chosen to issue a citation instead of making a custodial arrest. "OCGA § 17-4-23 (a) gives a police officer the option to issue a citation but does not restrict the power given to police in OCGA § 17-4-20 to make custodial arrests for crimes committed in their presence. [Cit.]" (Punctuation omitted.) *Baker v. State*, 202 Ga. App. 73, 74 (413 SE2d 251) (1991). Consequently, after the driver was arrested for the traffic violation, the officers could lawfully search the interior of the car. OCGA § 17-5-1; *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999); *State v. Haddock*, 235 Ga. App. 726, 728, n. 2 (510 SE2d 561) (1998).

Furthermore, to safely search the car officers are also allowed to do a cursory pat-down of passengers to check for weapons. *Dowdy v. State*, 209 Ga. App. 311, 312 (433 SE2d 293) (1993). Consequently, Lowe's arrest for obstruction gave the officers an additional reason to search the entire car. *Tutu v. State*, 252 Ga. App. 12, 14-15 (1) (555 SE2d 241) (2001). Accordingly, the trial court's grant of the motion to suppress must be reversed.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 28, 2003.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellant.

---

[1] "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." OCGA § 40-6-390 (a).

*Westbrook & Vines, William J. Westbrook, Carlton H. Vines*, for appellee.