## A04A1067. SLOCUM v. THE STATE.
(599 SE2d 299)

ANDREWS, Presiding Judge.

Justin Michael Slocum was found guilty in a bench trial of driving a vehicle under the influence of alcohol. The evidence relied upon by the State to support the DUI conviction was obtained after police stopped the vehicle Slocum was driving to investigate whether the occupants were involved in an assault reported in a 911 telephone call from a pay phone near the stop. Slocum appeals claiming the trial court should have granted his motion to suppress the evidence supporting the conviction because the information given in the call failed to provide police with reasonable suspicion to make the stop. For the following reasons, we agree and reverse.

The record shows that a female called 911 at night from a pay phone near an intersection on a major thoroughfare in Hall County reporting that she had been assaulted by a white male and that a dark colored sport utility vehicle (SUV) was involved. The record is not clear as to whether the 911 caller identified herself to the operator. However, the record shows that the police officers who made the stop had no information as to the identity of the woman or the man; when or where the assault occurred; how the SUV was involved; or any other information identifying the SUV. When police arrived at the pay phone to investigate the report, they found no one there, but they saw a dark colored Ford Explorer SUV about a block away traveling on the thoroughfare from the area in light traffic conditions. Police briefly followed the SUV and noticed the outline of two heads visible in the vehicle, although they could not determine if they were male or female. They observed no traffic or other offenses, but activated the patrol car's blue lights and stopped the SUV solely to investigate whether the SUV and its occupants had any connection to the reported assault. At the bench trial, the State produced evidence collected pursuant to the stop showing that Slocum was driving the SUV while under the influence of alcohol in violation of OCGA § 40-6-391 (a).

Even if there is no probable cause to arrest for a traffic or other offense, the Fourth Amendment allows police to stop a vehicle to investigate a reasonable suspicion of criminal activity. *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994). To meet the reasonable suspicion standard, police must point, under the totality of the circumstances, to "specific and articulable facts which, taken together with rational inferences from those facts, . . . [provide] a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Punctuation omitted.) Id. at 320; *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

Accordingly, a general suspicion or a mere hunch is not sufficient to support an investigative stop. Although the primary means by which officers acquire reasonable suspicion is personal observation, information acquired from an informant that exhibits a sufficient indicia of reliability can also be the basis for reasonable suspicion. *Alabama v. White*, 496 U. S. 325, 328 (110 SC 2412, 110 LE2d 301) (1990). Where the information is provided to police by an informant who is either an identified interested citizen or an identified victim of a crime, there is a presumption of reliability. *Hinson v. State*, 229 Ga. App. 840, 842 (494 SE2d 693) (1997); *Hudson v. State*, 253 Ga. App. 210, 211 (558 SE2d 420) (2001). But where police acquire information from an anonymous informant or one of unknown reliability, this is ordinarily not a sufficient basis to provide reasonable suspicion, unless the information exhibits sufficient indicia of reliability. *Alabama v. White*, 496 U. S. at 329-332; *Florida v. J. L.*, 529 U. S. 266, 269-271 (120 SC 1375, 146 LE2d 254) (2000). For example, information provided by these types of informants may exhibit sufficient indicia of reliability if it provides details correctly predicting a subject's "not easily predicted" future behavior, or if it provides other details which police corroborate as showing similar inside information about the subject's affairs. *Alabama v. White*, 496 U. S. at 332; *Britton v. State*, 220 Ga. App. 120, 121-122 (469 SE2d 272) (1996).

In the present case, the information given to the police by the 911 caller was insufficient, without more, to provide the police with reasonable suspicion to stop the SUV driven by Slocum to investigate whether its occupants were involved in the reported assault. Regardless of whether we assume the information was provided by an identified victim of a crime with presumed reliability or an anonymous caller with no presumed reliability, it provided only a bare assertion that a white male had assaulted the caller and that a dark colored SUV was somehow involved. Even if we assume that the officers could rationally infer from this information that the assailant was in a dark colored SUV, the caller did not give a detailed description of the SUV, nor did the caller say the SUV was headed in a certain direction or was even in the area of the pay phone when the call was made. Moreover, when the police arrived at the pay phone, the caller was not there, so the officers were unable to obtain any additional information. The State points out that, after the officers stopped the SUV, they obtained evidence at the stop that a woman in the SUV was the 911 caller who reported the assault. However, even if the information provided in the 911 call was proved correct after the stop, it does not follow that the officers had reasonable suspicion to make the stop. "The reasonableness of official suspicion must be measured by what the officers knew before they [made the stop]." *Florida v. J. L.*, 529 U. S. at 271. The information on which the officers acted to stop

the SUV provided them with no more than a general suspicion or hunch that the occupants of a dark colored SUV traveling with other traffic on a major thoroughfare in the general area might be involved in the reported assault. *Vansant*, 264 Ga. at 321. Because the officers stopped the SUV without the reasonable suspicion necessary to justify an investigative stop, the stop was an unreasonable intrusion under the Fourth Amendment, and the trial court erred by denying Slocum's motion to suppress.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED MAY 10, 2004.

*Whitmer & Law, George H. Law III,* for appellant.
*Jerry Rylee, Solicitor-General, Jennifer L. Scalia, Assistant Solicitor-General,* for appellee.