## A06A2237. COLE v. THE STATE.

(638 SE2d 363)

ANDREWS, Presiding Judge.

After stipulating to the evidence, Michael James Cole was found guilty in a bench trial of trafficking methamphetamine.[1] He does not challenge the sufficiency of the evidence, but claims the trial court erred by denying his pre-trial motion to suppress evidence of the methamphetamine and his motion seeking disclosure of the identity of a confidential informant who gave police information about the methamphetamine. For the following reasons, we find no error and affirm.

1. We find no error in the trial court's denial of Cole's motion to suppress evidence of the methamphetamine.

Cole claims that his Fourth Amendment right to be free from unreasonable search or seizure was violated when police briefly detained him to investigate a suspicion that he was in possession of methamphetamine and then seized methamphetamine from his vehicle without a warrant. The record shows that a confidential informant, who had never before given information, told a Hall County police officer (a member of the Multi-Agency Narcotics Squad) that Cole would be delivering about two ounces of methamphetamine to the BP gas station on Friendship Road in Hall County. The informant also told the officer the time Cole would arrive at the station and described the vehicle he would be driving. Accompanied by the informant, police set up surveillance at the station and watched as the described vehicle arrived at the station at the predicted time. When Cole stopped and exited the vehicle, the informant identified Cole to police as the person who was delivering the methamphetamine. The officer then approached Cole, identified himself

---

[1] The trial court found Cole guilty of trafficking methamphetamine and possession of methamphetamine with intent to distribute. The possession conviction was vacated by operation of OCGA § 16-1-7 (a) when the trial court merged the possession conviction into the trafficking conviction at sentencing.

as a police officer, and asked Cole his name. Cole confirmed that he was the man named by the informant, and the officer told Cole that he had received information about drug activity at the station and asked Cole for consent to search his vehicle. When Cole refused to give consent, the officer looked inside the vehicle through a window, and saw what appeared to him to be methamphetamine in a clear plastic bag in plain view in the vehicle. At that point, the officer opened the vehicle door, seized the suspected bag of methamphetamine, and placed Cole under arrest.

The Fourth Amendment allows police to stop and briefly detain a person to investigate a reasonable suspicion that the person is engaged in or is about to engage in criminal activity. *Terry v. Ohio*, 392 U. S. 1, 9 (88 SC 1868, 20 LE2d 889) (1968); *United States v. Cortez*, 449 U. S. 411, 417 (101 SC 690, 66 LE2d 621) (1981); *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).

> To meet the reasonable suspicion standard, police must point, under the totality of the circumstances, to specific and articulable facts which, taken together with rational inferences from those facts, provide a particularized and objective basis for suspecting the particular person stopped of criminal activity. Accordingly, a general suspicion or a mere hunch is not sufficient to support an investigative stop. Although the primary means by which officers acquire reasonable suspicion is personal observation, information acquired from an informant that exhibits a sufficient indicia of reliability can also be the basis for reasonable suspicion. Where the information is provided to police by an informant who is either an identified interested citizen or an identified victim of a crime, there is a presumption of reliability. But where police acquire information from an anonymous informant or one of unknown reliability, this is ordinarily not a sufficient basis to provide reasonable suspicion, unless the information exhibits sufficient indicia of reliability. For example, information provided by these types of informants may exhibit sufficient indicia of reliability if it provides details correctly predicting a subject's not easily predicted future behavior, or if it provides other details which police corroborate as showing similar inside information about the subject's affairs.

(Citations and punctuation omitted.) *Slocum v. State*, 267 Ga. App. 337-338 (599 SE2d 299) (2004).

Considering the "totality of the circumstances," we find that, even though the confidential informant had not previously given

reliable information to the officer, the information provided in this case had "sufficient indicia of reliability" to give the officer reasonable suspicion to stop and briefly detain Cole to investigate the report that he was delivering methamphetamine. Not only did the informant provide easily obtained facts like Cole's identity and a description of the vehicle he would be driving, but the informant also gave information not available to the general public, which was corroborated by the police, that predicted where Cole was delivering the methamphetamine and the time of the delivery. Because this showed the informant had inside information about Cole's private affairs, it was reasonable for the police to believe that the informant also had reliable information about Cole's illegal activities. *Daniels v. State*, 278 Ga. App. 263, 264-266 (628 SE2d 684) (2006). Moreover, the informant provided the information face-to-face to the police officer and then accompanied the officer to identify Cole at the delivery location. This in-person communication was inherently more reliable than an anonymous telephone tip because the officer receiving the information had the opportunity to observe the informant's demeanor and perceived credibility, and an informant who reveals his or her identity to police can be held accountable for a false report. *United States v. Heard*, 367 F3d 1275, 1279 (11th Cir. 2004); *United States v. Romain*, 393 F3d 63, 72-73 (1st Cir. 2004).

Because the brief detention and investigation were based on reasonable suspicion that Cole was delivering methamphetamine, the officer was in a position he was legally entitled to occupy when he saw the bag of suspected methamphetamine in plain view through the vehicle window. Based on his training and experience in narcotics enforcement, the incriminating character of the substance was immediately apparent to the officer. Under the "plain view" doctrine, a police officer who sees an object from a vantage point the officer is legally entitled to occupy may seize it without a warrant if the object's incriminating character is immediately apparent. *State v. Peterson*, 273 Ga. 657, 658 (543 SE2d 692) (2001); *Minnesota v. Dickerson*, 508 U. S. 366, 375 (113 SC 2130, 124 LE2d 334) (1993). It follows that the trial court correctly denied Cole's motion to suppress because the methamphetamine was legally seized when the officer saw it in plain view during a valid investigative detention.

2. Cole claims he was denied due process of law and a fair trial because the trial court denied his motion seeking disclosure of the name, address, and phone number of the confidential informant. Cole introduced no evidence, did not dispute that the methamphetamine was found in his vehicle, and did not claim that the confidential informant could provide evidence materially favorable to his sole defense that the State violated his rights under the Fourth Amendment. Accordingly, the trial court did not err by denying the motion.

*Respress v. State*, 267 Ga. App. 654, 655-656 (600 SE2d 727) (2004); *Thornton v. State*, 238 Ga. 160, 162-164 (231 SE2d 729) (1977).
 *Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED NOVEMBER 1, 2006.

*Jeffrey R. Sliz*, for appellant.
*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney*, for appellee.