A07A0657. PATTON v. THE STATE.
(650 SE2d 733)

SMITH, Presiding Judge.

Charged with trafficking in methamphetamine, Michael Raymond Patton filed a motion to suppress certain evidence on the ground that police lacked both reasonable suspicion for the stop and probable cause for his arrest. After an evidentiary hearing, the trial court denied the motion but issued a certificate of immediate review. We granted Patton's application for review, and this appeal followed. Because the evidence supports the trial court's denial of Patton's motion to suppress, we affirm.

In reviewing a trial court's order on a motion to suppress, we are guided by three principles:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of fact[ ]. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is

presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So viewed, the evidence showed that a woman who had been arrested told a special agent with the Flint Circuit Drug Task Force that she would set up the purchase of methamphetamine from Patton. The woman had not been previously used as a contact, but when she was arrested she provided police with reliable information about a stolen tractor. The agent monitored the telephone call the woman ostensibly made to Patton, but he could only hear her side of the conversation. He testified that he could not verify that the woman spoke with Patton. The woman arranged to meet Patton and make the drug purchase the next day at 9:00 p.m. at a Dairy Queen. She informed the agent that Patton would be driving a red Toyota Paseo with chrome rims and tinted windows, and she said that he would possibly have someone with him.

At approximately 9:30 p.m. a red Paseo occupied by two males pulled into the Dairy Queen parking lot, and the informant walked over to the car and talked with the driver. The agent testified that the informant was not supposed to be present and that the plan was for him to make the buy from Patton. After talking with the informant, Patton made a U-turn and left the parking lot at a high rate of speed and proceeded east on Highway 20. Following a short chase, officers stopped Patton's vehicle. The agent approached the vehicle with his gun drawn and told Patton and a passenger to get out and lie down on the ground. The agent handcuffed the men and "looked into the vehicle [and] in plain view there was a Ziploc baggy containing numerous amounts of pink pills. Also in the console was a pill bottle containing hydrocodone [pills] which were not prescribed to him."

Patton filed a motion to suppress all evidence obtained as a result of the stop and search, including the contraband and statements he made after his arrest. Following an evidentiary hearing, the trial court denied the motion. Patton now appeals, contending that because the informant was of unknown reliability the officers lacked a reasonable, articulable suspicion to justify stopping his car. He also contends that even if the officers had a basis for the stop, their actions after the stop exceeded their authority in violation of his Fourth Amendment rights.

> Although a tip provided by an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminal activity, if the tip is detailed enough to provide some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of the police.

(Citation and punctuation omitted.) *Brown v. State*, 223 Ga. App. 364, 366 (1) (477 SE2d 623) (1996). In this case, the informant was not previously known to officers and had never provided any information until she was arrested and provided the tip about a stolen tractor. The record provides no information about the basis of the informant's knowledge concerning Patton's involvement in drugs. Likewise, it does not appear that the agent had any other information about Patton regarding his supposed involvement in selling drugs, other than his one alleged contact with the informant. The agent never actually talked with Patton or confirmed the deal.

The tip did, however, predict some aspects of Patton's future behavior, in that he would arrive at the Dairy Queen at a certain time, driving a red Toyota Paseo with chrome wheels, and would have someone with him.[1] While it is true that the informant was untested, the tip predicted Patton's future behavior and contained information not available to the general public that was corroborated by the observations of officers. Not only did the informant provide information to officers concerning Patton, she set up a drug buy and was present at the scene. Even though the agent only heard the informant's side of the conversation concerning the drug buy, the record reveals that Patton appeared at the approximate time for the arranged buy. The information provided by the informant therefore gave rise to an articulable suspicion of criminal wrongdoing sufficient to support an investigatory detention. See *Cole v. State*, 282 Ga. App. 211, 212-213 (1) (638 SE2d 363) (2006) (tip by informant of unknown reliability describing defendant's vehicle and detailing that defendant would be delivering drugs to a certain location at a certain time, was sufficient to provide reasonable suspicion); *Smith v. State*, 237 Ga. App. 616, 619 (2) (516 SE2d 319) (1999) (corroborated tip provided by untested informant arrested for selling drugs was sufficient to establish reasonable suspicion to justify investigative stop where informant also set up drug buy); see also *Edgerton v. State*, 237 Ga. App. 786, 788-789 (516 SE2d 830) (1999) (probable cause to search established by detailed tip from suspect that included information not available to general public such as route and time of travel).

Furthermore, officers had a separate basis for both the stop of Patton's vehicle and his subsequent arrest. The agent testified that Patton's driving was reckless and dangerous as he fled the parking lot and that a short chase ensued. Another officer testified that Patton was traveling at a high rate of speed in the parking lot and on the highway, and that he was concerned for the safety of officers and

---

[1] The informant also gave the agent a physical description of Patton, but there was no testimony that this description was corroborated.

others. Patton himself admitted that the parking lot was "congested that night." All of this evidence establishes that Patton was driving recklessly in the parking lot and on the highway in an effort to flee the scene. Furthermore, the agent testified that he stopped Patton, not only because he had information that Patton was coming to sell drugs, but also because Patton was speeding through the parking lot.

OCGA § 40-6-3 (a) (2) provides that "[t]he provisions of [Chapter 6 — Uniform Rules of the Road] shall apply to a vehicle operated at shopping centers or parking lots or similar areas which although privately owned are customarily used by the public as through streets or connector streets." The rules of the road therefore apply not only to the highway, but also the parking lot in this case, and under the totality of the circumstances, officers had a basis for stopping and arresting Patton for reckless driving in violation of OCGA § 40-6-390, or for driving too fast for conditions in violation of OCGA § 40-6-180. See *State v. Lowe*, 263 Ga. App. 1, 2 (587 SE2d 169) (2003) (arrest for reckless driving was authorized where committed in officer's presence); *Baker v. State*, 202 Ga. App. 73, 74 (1) (413 SE2d 251) (1991) (officer may arrest offender for a traffic violation).

Additionally, the agent's conduct in immediately placing Patton in handcuffs was reasonable under the circumstances. The agent testified that after Patton was stopped, he approached Patton with his weapon drawn, ordered him to the ground, and handcuffed him, because he was told by the informant that Patton often carried a firearm. After removing Patton from the vehicle, the agent saw the pills in plain view and then arrested him.

> [A]n officer conducting a stop remains particularly vulnerable during such a stop precisely because a full custodial arrest has not been effected, (and) the officer must make quick decisions as to how to protect himself and others from possible danger. In determining whether an officer's conduct during an investigatory stop was proper, the inquiry is not whether the officer could validly have acted similarly but whether under the same circumstances a reasonable officer would have done so.

(Citations and punctuation omitted.) *Jackson v. State*, 236 Ga. App. 492, 495 (2) (512 SE2d 24) (1999). Here, in light of Patton's erratic driving and information that he often carried a gun, the agent's conduct in placing Patton in handcuffs was reasonable. See id. (officer's actions in handcuffing suspect for safety purposes was reasonable under the circumstances and lawful as part of investigatory stop). Accordingly, as officers had a substantial basis for both the

stop of Patton's vehicle and his arrest, the trial court did not err in denying Patton's motion to suppress.

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Miller, Ellington and Adams, JJ., concur. Barnes, C. J., dissents.*

BARNES, Chief Judge, dissenting.

Because I cannot accept the majority's conclusion that Patton's warrantless arrest was supported by probable cause, I must respectfully dissent.

While the information provided about Patton arguably had "sufficient indicia of reliability" to give police reasonable suspicion to stop and briefly detain Patton to investigate the informant's tip that he had methamphetamine, it did not provide a basis for Patton's warrantless arrest. *Slocum v. State*, 267 Ga. App. 337-338 (599 SE2d 299) (2004).

The majority contends that Patton's "reckless and dangerous" driving through the Dairy Queen parking lot could have provided grounds for Patton's warrantless arrest. However, the officer never testified that Patton was arrested for reckless driving. He testified that Patton was pulled over "[d]ue to the fact that I had information that the subject was carrying — coming to sell drug in that location." He was then asked if there was any other reason that Patton was stopped and he answered "[d]ue to the fact him [sic] speeding through the parking lot which he did." The officer continued that he and two other officers approached Patton with their guns drawn and told Patton to get to the ground and handcuffed him. He testified that he looked into the vehicle, saw the drugs in plain view, and, at that point, "[p]laced Mr. Patton and the passenger under arrest."

"[P]robable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances." (Punctuation omitted.) *Howie v. State*, 218 Ga. App. 45, 46 (1) (459 SE2d 179) (1995). In ascertaining the totality of the circumstances this Court takes into account consideration of objective observations, patterns of operations of certain kinds of lawbreakers, and information from police reports, because a trained police officer draws inferences and makes deductions from these data. *Lambright v. State*, 226 Ga. App. 424, 426 (1) (487 SE2d 59) (1997). Especially troubling in this case is that the police report contained nothing about Patton talking with the informant in the parking lot or speeding through the parking lot. The report states that Patton pulled into the parking lot driving slowly and "turned around and headed back towards Hwy 20." There is no mention of the informant being present at the location or Patton's excessive speed in the parking lot. As noted previously, the information contained in the police reports is important to this Court's review of the totality of the circumstances. Police

officers draw inferences and make deductions from the data in the reports which represents the information known to police at the time of the incident, not representations made for the first time over 18 months later at the motion to suppress hearing.

Thus, while the evidence might have been sufficient to support a *Terry* stop, the facts known to police were not sufficient, even under the totality of the circumstances, to establish probable cause for the full-blown arrest that occurred when Patton's vehicle was stopped. Accordingly, I believe that the trial court erred by denying the motion to suppress, and, therefore, the judgment of the trial court should be reversed. Accordingly, I must respectfully dissent.

DECIDED JULY 16, 2007 —
RECONSIDERATION DENIED JULY 31, 2007.

*Diana L. Davis, Leigh S. Schrope*, for appellant.
*Tommy K. Floyd, District Attorney, John A. Pipkin III, Assistant District Attorney*, for appellee.