[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13903

_____

D.C. No. 1:13-cv-03554-LMM

VICTORIA R. DUCRE,

Plaintiff-Appellant,

versus

RYAN K. ARCHER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 25, 2016)

Before HULL and ANDERSON, Circuit Judges, and ROTHSTEIN,* District
Judge.

_____
*Honorable Barbara Jacobs Rothstein, United States District Judge for the District of Columbia,
sitting by designation.

PER CURIAM:

For the reasons fully discussed at oral argument, we conclude that the judgment of the district court should be affirmed.  We conclude that the officer here is entitled to qualified immunity.  It is not clearly established that plaintiff's refusal to sign the citation was a non-criminal act.  No case holds that a refusal to sign a citation under the circumstances obtaining here would be a non-criminal act.  And it is not clear from the statute itself that such refusal would be non-criminal.  There is ample probable cause that plaintiff did refuse to sign the citation.  Thus, a reasonable officer in the shoes of the officer here could believe that there was probable cause to believe a crime had occurred.[1]

Although State v. Torres, 660 S.E.2d 763 (Ga. App. 2008), held that an arrest under circumstances similar to those here was illegal, that opinion did not hold that such a refusal to sign a citation was a non-criminal act.  Rather, Torres held only that, once an officer has elected to issue a citation for a traffic offense rather than making a custodial arrest, the officer cannot, under Georgia law, make a custodial arrest when the driver refused to sign the citation. In other words,

---

[1]    We exercise our discretion not to decide the preliminary issue of whether there was a constitutional violation here. See Pearson v. Callahan, 555 U.S. 223, 226 (2009) ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."). Thus, we do not decide whether plaintiff's failure to sign the citation under the circumstances here was a criminal offense or not. Rather, we decide only the qualified immunity issue, and hold that it was not clearly established that there was no criminal offense here.

2

Torres may have indicated only a limitation on the arrest authority of the officer under Georgia law. And both the Supreme Court and this Court have recognized that such state law limitations on an officer's arrest authority are not incorporated into the Fourth Amendment. See Virginia v. Moore, 555 U.S. 164, 173-76 (2008) (rejecting an attempt to incorporate into the Constitution state law arrest limitations); Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002) (similarly rejecting "the notion that the Florida procedures governing warrantless arrests are written into the federal Constitution" and holding "[t]here is no federal right not to be arrested in violation of state law.").[2]

For the foregoing reasons, we hold that the district court correctly concluded that the officer here was entitled to qualified immunity.[3] The judgment of the district court is affirmed in all respects.

AFFIRMED.

---

[2]    Even if Torres had been more supportive of plaintiff's position, it was merely an opinion of the intermediate appellate court in Georgia – not the highest court in Georgia. See McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007) ("We have held that decisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state . . . can clearly establish the law."). In this case, we need hold only that is it not clearly established that a decision of the Georgia intermediate appellate court could clearly establish the law.

[3]    Although there is no clearly established violation of the Fourth Amendment, plaintiff has a promising state law claim that has been remanded to the state court. The officer did arrest plaintiff in apparent violation of the state law requirement that the arrest be preceded by advice to plaintiff that signing the citation is not an admission of guilt. After plaintiff was arrested and handcuffed, she offered to sign, but the officer inexplicably refused to let her change her mind.