A11A1830. HENSON v. THE STATE.

(723 SE2d 456)

DILLARD, Judge.

In this interlocutory appeal, Daniel Henson contends that the trial court erred in denying his motion to suppress pornographic

images of minors garnered during a search of his personal computer, arguing that the search exceeded the scope of the warrant. For the reasons set forth infra, we affirm.

Construing the evidence to uphold the trial court's findings and judgment,[1] the record shows that based on information received from a confidential informant ("CI"), Athens-Clarke County police officers with the drug task force believed that an individual known as "Gabe" was selling marijuana from his apartment, located at 175 International Drive in Athens. Consequently, officers had the CI make a "controlled buy" of marijuana from Gabe at his apartment, which the officers monitored by having the CI wear a wire while also keeping him under close surveillance.

Following the successful controlled buy of marijuana from Gabe, one of the officers obtained a warrant to search his apartment. The warrant described the premises to be searched as "175 International Drive Apartment 1013 of The Reserve Apartments, Athens-Clarke County, Georgia" and noted that the premises were "occupied by Gabriel Choi and unknown roommates." With regard to the focus of the search, the warrant provided:

> There is now located certain instruments, articles, person(s), or things, namely: marijuana, miscellaneous items associated with drug distribution such as packaging material, digital and hand scales, marijuana smoking devices, cash proceeds and records (both written and electronic) of illegal drug sales which is being possessed in violation of . . . OCGA § 16-13-30.

On November 20, 2010, one day after the search warrant was obtained, drug task force officers knocked on the door of the subject apartment and were allowed entry by Henson, who was one of "Gabe" Choi's roommates. Upon entering the apartment, the police officers smelled the odor of marijuana and observed digital scales, marijuana residue, and marijuana smoking devices. As they began their search of the apartment, one of the officers walked into the unlocked and open bedroom that was occupied by Henson and noticed a laptop computer, which was open and running. Using the computer's mouse, the officer opened the Start Menu and then clicked open the folder labeled "My Pictures." And as the officer began reviewing the "thumbnail" images contained within that folder, he quickly discovered images that appeared to be child pornography.

---

[1] *Hammont v. State*, 309 Ga. App. 395, 396 (710 SE2d 598) (2011).

Immediately, the officer halted his search and contacted officers with the Athens-Clarke County Police Department's sex crimes unit, who arrived on the scene a short while later and questioned Henson regarding the images. Shortly thereafter, officers obtained additional warrants to search Henson's computer for child pornography, and in the ensuing investigation, officers discovered hundreds of photographs and dozens of videos depicting such images.

Henson was thereafter indicted on twenty counts of sexual exploitation of children.[2] Subsequently, he filed a motion to suppress the evidence of child pornography found on his computer, arguing that the police officer who searched his computer exceeded the scope of the original warrant when he opened the "My Pictures" folder. The trial court conducted a hearing on the matter, during which the officer who obtained the warrant and the officer who actually searched Henson's computer testified. At the conclusion of the hearing, the trial court denied Henson's motion to suppress. Henson then obtained a certificate of immediate review and filed an interlocutory application, which we granted. This appeal follows.

At the outset, we note that "[i]n reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous."[3] Additionally, because the trial court is the trier of fact, "its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them."[4]

With specific regard to warrants, in accordance with the Fourth Amendment to the United States Constitution, a search warrant may issue only upon "facts sufficient to show probable cause that a crime is being committed or has been committed. . . ."[5] And in determining whether probable cause exists, the issuing judge is required

> simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair

---

[2] *See* OCGA § 16-12-100 (b) (8).

[3] *Hammont*, 309 Ga. App. at 396 (punctuation omitted).

[4] *Id.* (punctuation omitted); *see also Lowe v. State*, 214 Ga. App. 92, 93 (446 SE2d 532) (1994) (noting that appellate review is guided by three principles: (1) the trial judge sits as the trier of facts in a motion to suppress hearing; (2) the trial judge's decision as to questions of fact and credibility must be accepted unless clearly erroneous; and (3) the appellate court must construe the evidence most favorably to upholding the findings and judgment made by the trial judge).

[5] OCGA § 17-5-21 (a).

probability that . . . evidence of a crime will be found in a particular place.[6]

Furthermore, in reviewing the issuance of a search warrant, we are charged with ensuring—considering the totality of the circumstances and giving substantial deference to the issuing judge's decision—that the judge had a "substantial basis" for concluding that probable cause existed.[7] With these guiding principles in mind, we will now turn to Henson's argument in support of his claim of error.

In his sole enumeration of error, Henson contends that the trial court erred in denying his motion to suppress the evidence of child pornography found on his personal computer. Specifically, he argues that the police officer who initially searched his computer exceeded the scope of the warrant seeking evidence of illegal drug transactions when he opened the "My Pictures" folder. We disagree.

In *Reaves v. State*,[8] our Supreme Court addressed the particularity requirement for warrants and held that "[a]lthough a warrant cannot leave the determination of what articles fall within its description and are to be seized entirely to the judgment and opinion of the officer executing the warrant, the degree of specificity in the description is flexible and will vary with the circumstances involved."[9] Specifically, "the particularity requirement only demands that the executing officer be able to identify the property sought with reasonable certainty."[10]

Here, as previously noted, the warrant sought a search for "marijuana, miscellaneous items associated with drug distribution such as packaging material, digital and hand scales, marijuana smoking devices, cash proceeds and records (both written and electronic) of illegal drug sales." And given that electronic records of illegal drug transactions are included amongst those items to be searched, the warrant permitted the search of personal computers at the subject address. Indeed, Henson does not argue on appeal that his computer was an improper target of the search. Nevertheless, he contends that the officer's search exceeded the scope of the warrant because his computer's "My Pictures" folder, which by its very title obviously contained photographs, is not encompassed by the term "electronic records." However, the ordinary signification of "record" is "[a]n account of some fact or event preserved in writing *or other*

---

[6] *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009) (punctuation omitted).

[7] *Whitten v. State*, 174 Ga. App. 867, 868 (1) (331 SE2d 912) (1985).

[8] 284 Ga. 181 (664 SE2d 211) (2008).

[9] *Id.* at 184 (2) (d) (punctuation omitted).

[10] *Id.* at 187 (2) (d) (punctuation omitted).

*permanent form . . .*" or "any thing . . . serving to indicate or *give evidence of, or preserve the memory of*, a fact or event."[11] And given that a picture certainly preserves or gives evidence of a fact or event—in many instances as efficiently as a thousand words—Henson's claim that the term "electronic records" does not encompass pictures or photographs lacks merit. Thus, the trial court did not err in finding that the officer's search did not exceed the scope of the warrant.[12]

Furthermore, although there is no Georgia authority specifically regarding the level of detail required in a search warrant targeting personal computer files, in *United States v. Walser*,[13] the United States Court of Appeals for the Tenth Circuit found lawful a search that was nearly identical in scope to the search at issue here.

In *Walser*, law-enforcement officers obtained a warrant to search the defendant's hotel room for evidence of illegal drug transactions.[14] Included in the warrant was permission to search for "records, and/or receipts, written or electronically stored."[15] And during the execution of that warrant, an officer searching the defendant's computer opened a folder containing video files that depicted child pornography.[16] At that point, the officer halted his search, and thereafter successfully obtained a warrant to search the computer for evidence of the defendant's possession of child pornography.[17]

As in the case sub judice, Walser argued that the officer's search exceeded the scope of the warrant because the video files the officer opened could not possibly have contained the type of evidence the officer was authorized to search for, i.e., records of illegal drug transactions.[18] But in upholding the denial of defendant's motion to suppress, the Tenth Circuit held that the initial search was reasonable, within the parameters of the warrant, and that "no wholesale

---

[11] The Compact Oxford English Dictionary 1529 (2d ed. 1991) (emphasis supplied); *see also Brown v. City of Fort Wayne*, 752 F. Supp. 2d 925, 939 (N. D. Ind. 2010) (noting that "the police were authorized to search for 'items or records' that would, for instance, link [the defendant] to the premises," and that "[a] desktop computer is both an item and a repository of records that could do precisely that, as well as a likely device for storing drug records"); Orin S. Kerr, *Searches and Seizures in a Digital World*, 119 Harv. L. Rev. 531, 532 (2005) ("Computers record and store a remarkable amount of information about what users write, see, hear, and do.").

[12] *See Reaves*, 284 Ga. at 188 (2) (holding that "no tenet of the Fourth Amendment prohibits a search merely because it cannot be performed with surgical precision." (punctuation omitted)).

[13] 275 F3d 981 (10th Cir. 2001).

[14] *Id.* at 983 (I).

[15] *Id.* at 983-84 (I).

[16] *Id.* at 984-85 (I).

[17] *Id.* at 985 (I).

[18] *Id.* at 987 (II).

searching occurred" in light of the fact that the officer who discovered the child pornography videos immediately stopped his search of the defendant's computer until he was able to secure a new warrant.[19]

Suffice it to say, we find the reasoning in *Walser* persuasive. Like the officer in *Walser*, the officer searching Henson's computer did not engage in a wholesale fishing expedition but was instead seeking files encompassed by the warrant when he stumbled across the images of child pornography.[20] And again similar to the officer in *Walser*, the officer here immediately halted his search until an additional warrant was obtained. Thus, the officer's search of Henson's computer did not exceed the scope of the warrant.[21] Accordingly, the trial court did not err in denying Henson's motion to suppress.

Finally, although we find that the officer's search of Henson's computer was not impermissibly broad, we take this opportunity, as we did in *Hawkins v. State*[22] with regard to cell phones, to remind law-enforcement officers to exercise caution when searching the contents of personal computers. As rightly emphasized by the Tenth Circuit in *Walser*, "[b]ecause computers can hold so much information touching on many different areas of a person's life, there is a greater potential for the intermingling of documents and a consequent invasion of privacy when police execute a search for evidence on a computer."[23] Indeed, as one prominent legal scholar has noted, "[a] computer is akin to a virtual warehouse of private information";[24] and just because an officer has the authority to search the data stored on a personal computer (such as Henson's laptop) does not mean that he has the unbridled authority to sift through *all* of

---

[19] *Id.*

[20] *See United States v. Wilmes*, Crim. Action No. 3:09-CR-00130, 2011 WL 5553692, *4 (W.D. Ky. Nov. 15, 2011) ("Specifically with regard to discovered evidence of child pornography during a computer search, the Sixth Circuit has held that child pornography is admissible if an officer accidentally stumbles across an image during a lawful search and promptly obtains a search warrant.").

[21] *See Walser*, 275 F3d at 981; *see also United States v. Burgess*, 576 F3d 1078, 1092-95 (10th Cir. 2009) (holding that agent who obtained search warrant for computer records of drug crimes, including photographs, did not exceed the scope of the warrant when he inadvertently discovered child pornography).

[22] 307 Ga. App. 253 (704 SE2d 886) (2010).

[23] *Walser*, 275 F3d at 986 (II); *see also* Carla Rhoden, *Challenging Searches and Seizures of Computers at Home or in the Office: From a Reasonable Expectation of Privacy to Fruit of the Poisonous Tree and Beyond*, 30 Am. J. Crim. L. 107, 109 (Fall 2002) ("With their unparalleled ability to store and process information, computers are increasingly relied upon by individuals in their work and personal lives. Computer searches present the same problem as document searches—the intermingling of relevant and irrelevant material—but to a heightened degree.").

[24] Kerr, *supra* note 11, at 551-52.

the data stored on the computer.[25] Instead, officers must be as specific as possible in a search warrant regarding what it is they are seeking on the computer and conduct the accompanying search, as the officer did here,[26] in a way that avoids searching files that are not reasonably likely to contain the kinds of data identified in the warrant.[27]

*Judgment affirmed. Mikell, P. J., and Boggs, J., concur.*

DECIDED FEBRUARY 16, 2012 —

*Benjamin R. Makin*, for appellant.
*Kenneth W. Mauldin, District Attorney, Jon R. Forwood, Assistant District Attorney*, for appellee.

---

[25] *Hawkins*, 307 Ga. App. at 258 (1).

[26] It is worth noting that the folder searched by the officer, "My Pictures," is not an electronic file that communicates "any intent to keep private the . . . images stored in it," and that when the officer opened this folder "he did not open any of its files but instead was immediately presented with thumbnail images of the pictures it contained . . . [that] were of sufficient clarity to suggest that the stored photographs portrayed [child pornography]." *State v. Newland*, 253 P.3d 71, 78-79 (Utah App. 2010).

[27] *See Walser*, 275 F3d at 986 (II); *Hawkins*, 307 Ga. App. at 259 (1).