**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**August 13, 2013**

# In the Court of Appeals of Georgia

A13A1263. LEWIS v. THE STATE.

DILLARD, Judge.

In this interlocutory appeal, John Lewis contends that the trial court erred in denying his motion to suppress, arguing that a sheriff's deputy lacked reasonable, articulable suspicion to justify the traffic stop at issue. For the reasons set forth *infra*, we agree and reverse the trial court's denial of Lewis's motion to suppress.

Construing the evidence in the light most favorable to uphold the trial court's findings and judgment,[1] the record shows that around 1 a.m. on January 2, 2011, a deputy of the Twiggs County Sheriff's Office was dispatched to the area of West Clyde Moore Road in response to a call from an anonymous tipster about a suspicious vehicle driving very slowly in the area. The caller described the vehicle as a red

---

[1] *See, e.g.*, *Henson v. State*, 314 Ga. App. 152, 153 (723 SE2d 456) (2012).

Chevrolet Blazer and provided the license-plate number. Upon identifying a vehicle matching the caller's description, the deputy observed that the vehicle was traveling at approximately 10 miles per hour, which the deputy described as being suspiciously slow,[2] particularly because the deputy knew that (1) numerous metal thefts had occurred in the area late at night and (2) there was normally no traffic in that area between midnight and 2 a.m. And based on this knowledge and the vehicle's extremely slow speed, the deputy suspected that the driver was "casing" a property. Accordingly, the deputy initiated a traffic stop.

After making contact with the vehicle, the deputy noticed that the driver, Lewis, was disoriented and the two passengers appeared to be very nervous. As a result of this observation, the deputy asked Lewis to exit the vehicle. And after witnessing Lewis struggle to exit the vehicle and become unsteady on his feet, the deputy suspected that he was driving impaired and might possess illegal drugs. The deputy then administered field-sobriety tests and determined that Lewis was a less-safe driver. Eventually, Lewis admitted to the deputy that he had used marijuana, methamphetamine, and MDMA (ecstasy) earlier that day.

---

[2] Neither the trial court's order nor the parties' briefs indicates the speed limit on the road in question or describes the area in which the car was traveling.

2

The deputy then arrested Lewis for driving under the influence and subsequently searched the vehicle. And as a result of the search, the deputy seized marijuana, needles, and spoons with suspected methamphetamine residue. Additionally, a backup officer called to the scene testified that he detected a strong odor of marijuana coming from the two passengers and the car.

Lewis was thereafter charged with possessing drug-related objects,[3] driving under the influence (drugs),[4] driving under the influence less-safe (drugs),[5] possessing an open container,[6] and possessing less than an ounce of marijuana.[7] Subsequently, he filed a motion to suppress the evidence seized during the traffic stop, arguing that the deputy lacked reasonable, articulable suspicion to conduct the stop. And following a hearing on the matter, the trial court denied the motion but granted a certificate of immediate review. We granted Lewis's interlocutory application, and this appeal follows.

---

[3] *See* OCGA § 16-13-32.2 (a).

[4] *See* OCGA § 40-6-391 (a) (6).

[5] *See* OCGA § 40-6-391 (a) (2).

[6] *See* OCGA § 40-6-253 (b) (1) (B).

[7] *See* OCGA § 16-13-30 (j) (1).

3

At the outset, we note that in reviewing a trial court's decision on a motion to suppress, "we construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous."[8] Further, because the trial court is the trier of fact, its findings "will not be disturbed if any evidence supports them";[9] but the court's application of the law to undisputed facts is reviewed *de novo*.[10] With these guiding principles in mind, we turn now to Lewis's sole enumeration of error.

Specifically, Lewis contends that the trial court erred in denying his motion to suppress the evidence seized from his vehicle during the traffic stop because the deputy did not have reasonable, articulable suspicion to authorize the stop. We agree.

To begin with, a brief investigative stop of a vehicle is justified "when an officer has a reasonable and articulable suspicion that the driver or vehicle is subject

---

[8] *Rocha v. State*, 317 Ga. App. 863, 866 (733 SE2d 38) (2012) (punctuation omitted).

[9] *Henson v. State*, 314 Ga. App. 152, 154 (723 SE2d 456) (2012) (punctuation omitted).

[10] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

to seizure for violation of the law."[11] In this regard, we have held that reasonable and articulable suspicion must be "an *objective* manifestation that the person stopped is, or is about to be, engaged in criminal activity, and that this determination can only be made after considering the totality of the circumstances."[12] And in viewing the totality of the circumstances, the officer must be able to point to "specific and articulable facts which, taken together with rational inferences from those facts, provide a particularized and objective basis for suspecting the particular person stopped of criminal activity."[13]

In the case *sub judice*, the State maintains that the deputy had reasonable and articulable suspicion to justify the stop based on a concerned citizen's tip, the slow speed at which Lewis's vehicle was traveling, and the vehicle's presence late at night in an area known for recent metal thefts. But these reasons alone do not establish that

---

[11] *Hernandez-Lopez v. State*, 319 Ga. App. 662, 663 (1) (738 SE2d 116) (2013) (punctuation omitted).

[12] *Id*. at 663-64 (1) (punctuation omitted) (emphasis supplied).

[13] *Slocum v. State*, 267 Ga. App. 337, 337 (599 SE2d 299) (2004) (punctuation omitted).

5

the deputy had "a particularized and objective basis for suspecting [Lewis] of criminal activity sufficient to justify an investigatory stop."[14]

First, despite the trial court and State's characterization of the tip at issue, the fact remains that the tip came from an anonymous individual, not a "concerned citizen,"[15] and tips from informants of unknown reliability ordinarily will not create a sufficient basis to provide reasonable suspicion of criminal activity.[16] Nevertheless, a tip from an anonymous informant or one of unknown reliability may exhibit sufficient indicia of reliability, and thus provide reasonable suspicion of criminal activity, if the tip is detailed enough to provide some basis for "predicting a suspect's 'not easily predicted' future behavior, or if it provides other details, which police

---

[14] *Hughes v. State*, 269 Ga. 258, 260 (1) (497 SE2d 790) (1998) (punctuation omitted).

[15] *See Register v. State*, 315 Ga. App. 776, 778 n.1 (728 SE2d 292) (2012) ("It is true that 'when hearsay information is supplied by an *identified* interested citizen, the citizen's credibility is not as suspect and the analysis is not as stringent as when information is given by an anonymous tipster; a law-abiding concerned citizen has a built-in credibility and is deemed to be reliable.' But in this case, the caller was not identified and is therefore considered an anonymous tipster." (citations omitted)); *see also Yearwood v. State*, 239 Ga. App. 682, 683 (521 SE2d 689) (1999).

[16] *See Baker v. State*, 277 Ga. App. 520, 522 (1) (a) (627 SE2d 145) (2006).

6

corroborate as showing similar inside information about the subject's affairs."[17] And here, the call from the anonymous tipster failed to provide any detail whatsoever to predict Lewis's future behavior or other details which could be corroborated by the deputy as showing inside information.[18]

Second, the stop was not justified by the deputy's personal observation of the vehicle driving very slowly late at night in an area known for recent metal theft because even when viewed in the totality of the surrounding circumstances, such conduct does not, in and of itself, constitute reasonable and articulable suspicion of criminal activity.[19] Indeed, Lewis was merely driving slowly through an area recently

---

[17] *Id.*; *see also Register*, 315 Ga. App. at 778.

[18] *See Register*, 315 Ga. App. at 778 (holding that tip did not justify the stop because it provided no prediction of future behavior or other inside information that could be corroborated by police when an unknown caller provided the tag number, color, and make of the vehicle). *But cf. Patton v. State*, 287 Ga. App. 18, 20 (650 SE2d 733) (2007) (holding an informant's tip was sufficient to justify a stop when it predicted some future behavior, in that the defendant arrived at a specified location at a certain time, with a passenger as described, and driving a vehicle matching the description given by the tipster).

[19] *See Hughes*, 269 Ga. at 261 (1) ("There is no objective manifestation that a person is, or is about to be, engaged in criminal activity merely because the person is a white man in a black neighborhood late at night, who picks up a black man at a location police consider a high-crime area, and who then drives slowly in a circular fashion through the neighborhood."); *Adkinson v. State*, Case No. A13A0504, 2013 WL 2249521, at *2 (Ga. App. May 23, 2013) (holding that officer did not have facts

subject to several thefts, rather than repeatedly passing by a particular property that had been the target of recent crimes.[20] And although the deputy observed conduct which he *subjectively* believed was consistent with a general pattern of criminal activity, Lewis's mere presence in an area of recent criminal activity did not give rise to reasonable and articulable suspicion of criminal activity to justify the stop.[21] As we have previously emphasized, "an officer's feeling that a person is acting in a

sufficient to give rise to a reasonable suspicion of criminal activity based on the defendant's presence in a high-crime area and his behavior which was consistent with a general pattern of illegal activity); *Baker v. State*, 277 Ga. App. 520, 522-23 (1) (a), (b) (627 SE2d 145) (2006) (holding that stop was not justified when a police officer received a tip of unknown reliability and observed the vehicle slowly circling around a gas station before making two brief stops at other locations); *Thomas v. State*, 300 Ga. App. 120, 123 (684 SE2d 290) (1998) (holding that officer did not have reasonable suspicion to justify a stop based on the defendant's presence at the scene of an abandoned vehicle alleged to be stolen and his slow driving with intermittent stops).

[20] *Cf. Brisbane v. State*, 233 Ga. 339, 342-43 (211 SE2d 294) (1974) (holding that officer had reasonable suspicion to justify the stop when a gas station nearby was robbed at gunpoint hours before the officer observed the defendant slowly drive by a different station twice at 3:45 a.m., and station had also been the scene of recent armed robberies).

[21] *See Hughes*, 269 Ga. at 261 (1); *Adkinson*, 2013 WL 2249521 at *2.

8

suspicious way does not amount to a particularized and objective basis for suspecting him of criminal activity."[22]

Consequently, the "taint" of the illegal stop in this case requires the suppression of the evidence seized from Lewis's car "as there were no intervening circumstances or events to purge the taint of the illegal stop."[23] Accordingly, for all of the foregoing reasons, we reverse the trial court's denial of Lewis's motion to suppress.

*Judgment reversed. Andrews, P. J., and McMillian, J., concur.*

---

[22] *Ewumi v. State*, 315 Ga. App. 656, 661 (1) (727 SE2d 257) (2012) (punctuation omitted).

[23] *Register*, 315 Ga. App. at 779.