**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 3, 2014**

# In the Court of Appeals of Georgia

A13A2163. BENNETT v. THE STATE.

ANDREWS, Presiding Judge.

Adam Bennett appeals from the trial court's denial of his motion to suppress methamphetamine seized during a traffic stop. For reasons that follow, we conclude that the trial court erred in denying the motion, and therefore we reverse.

"[I]n reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous. Further, because the trial court is the trier of fact, its findings will not be disturbed if any evidence supports them; but the court's application of the law to undisputed facts is reviewed de novo." *Lewis v. State,* 323 Ga. App. 709, 710 (747 SE2d 867) (2013).

At the hearing on the motion to suppress, the arresting officer testified that he stopped the truck Bennett was riding in because it did not have a rear bumper.[1] The officer stated that both Bennett and his girlfriend Cynthia Myers, who was driving, appeared extremely nervous when he approached the truck. The officer said that when he looked inside the truck, there was a sunglasses case "between the driver's seat and the middle seat." According to the video of the stop, the officer leaned in the window and said "you've got to get a bumper on it, you know that." Myers can be heard saying: "We're still trying to get it fixed." The officer responded: "Okay. All right. That's fine."

The officer testified that he asked if there were any drugs in the car and both Bennett and Myers answered "no." The officer asked if anyone was on probation or parole and Bennett replied that he was on probation "for drugs." The officer asked Myers to get out of the truck and then requested consent to search the truck. Myers refused. The officer told Myers that he was going to walk his dog around the truck and ordered Bennett to get out of the truck. After Bennett got out of the truck, the officer told him to put his hands on top of his head and, when he did so, the officer noticed a knife sticking out of Bennett's pocket. The officer removed the knife and

_____

[1] The truck did have a license plate.

2

asked Bennett if he could search his pockets. According to the officer, Bennett replied that he was on probation and therefore "had to" consent. In the video, it appears that Bennett is undecided whether to consent to the search and says no twice before finally appearing to consent. The officer testified that when he searched Bennett's pockets, he felt what he "knew right away was a bag of drugs." The bag was later found to contain methamphetamine.

When questioned as to why he immediately began a search for drugs after just briefly mentioning the bumper, the officer stated that it was because Bennett and Myers were nervous, their hands were shaking, they were sweating, they would not make eye contact, and there was a sunglasses case between the seats.

Assuming without deciding that the officer could stop the truck and inquire about the missing bumper, nervous behavior and a sunglasses case between the seats are not a sufficient basis for prolonging the stop.

> Once the tasks related to the investigation of the traffic violation and processing of the traffic citation have been accomplished, an officer cannot continue to detain an individual without articulable suspicion. Once the purpose of that [traffic] stop has been fulfilled, the continued detention of the car and the occupants amounts to a second detention. If an officer continues to detain [an individual] after the conclusion of the traffic stop and interrogates him or seeks consent to search without

reasonable suspicion of criminal activity, the officer has exceeded the scope of a permissible investigation of the initial traffic stop.

*Heard v. State*, — Ga. App. — (751 SE2d 918) (2013). In *Heard*, the evidence was that there was a "be on the lookout" message in addition to Heard's nervousness after being stopped. This Court held: "Even when we consider together the lookout information and Heard's nervousness, we cannot conclude that the officer was aware of circumstances sufficient to create a reasonable suspicion that *Heard* was involved in criminal activity other than the suspected traffic violation." Id. Further, even "extreme nervousness" does not constitute a valid reason for detention based on suspicion of criminal activity. *State v. Davis,* 283 Ga. App. 200, 203 (641 SE2d 205) (2007). See also *Weems v. State*, 318 Ga. App. 749, 752 (734 SE2d 749) (2012) (reasonable suspicion to detain cannot arise from nervousness).

Here, the officer told Myers that she needed a bumper on the truck, but did not issue a warning and did not go back to his car to perform a license check; rather, the officer began inquiring about drugs, told both Myers and Bennett to get out of the truck and requested consent to search the truck. Accordingly, the officer impermissibly prolonged the traffic stop beyond the time necessary to warn Myers to get a bumper. Therefore, the trial court erred in denying Bennett's motion to suppress.

4

*Judgment reversed. McMillian, J., concurs. Dillard, J., concurs in the judgment only.*

A13A2163. BENNETT v. THE STATE.

DILLARD, Judge, concurring in judgment only.

I concur in judgment only because I do not agree with all that is said in the majority opinion. As such, the majority's opinion decides only the issues presented in the case *sub judice* and may not be cited as binding precedent. *See* Court of Appeals Rule 33 (a).