**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 25, 2016**

# In the Court of Appeals of Georgia

A16A0432. THE STATE v. COOK.

MILLER, Presiding Judge.

Nekia Cook was injured in a car accident and taken to Grady Hospital. Security officers at the hospital allegedly noticed an odor of marijuana emanating from Cook's backpack, confiscated the bag, and searched it. Inside, they found a mason jar full of marijuana. The security officers called the Atlanta Police Department, and the officer who responded then searched the bag without obtaining a warrant. After Cook was arrested and charged with possession with intent to distribute marijuana (OCGA § 16-13-30), he moved to suppress the evidence. The trial court granted the motion, and the State now appeals. We affirm.

> In reviewing the grant . . . of a motion to suppress, we construe the evidence in a light most favorable to upholding the trial court's findings and judgment. . . . [W]e

will not disturb the lower court's ruling if there is any evidence to support its findings. . . . The trial court's application of law to undisputed facts, however, is subject to de novo review.

(Citation omitted.) *Adkinson v. State*, 322 Ga. App. 1 (743 SE2d 563) (2013). Where the trial court has made express findings of disputed facts, this Court is limited to those facts, and we will accept them unless they are clearly erroneous. *Hughes v. State*, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015).

So viewed, the testimony at the suppression hearing showed that Cook was transported at his request by ambulance to Grady Hospital following a traffic accident. Upon arrival, Grady's security officers searched the backpack he was carrying in his lap. The officers found a mason jar of marijuana and called the police. When a police officer responded, he searched the bag and found the drugs and some clothing. The officer had no personal knowledge of what Grady security personnel had seen, nor did he smell the marijuana himself, and none of this information was included in his police report. The officer arrested Cook and then obtained a search warrant.

In its sole enumeration of error, the State argues that the trial court erred by suppressing the evidence because (a) the exclusionary rule did not apply;[1] (b) the search was reasonable; and (c) no warrant was necessary because the search did not invade Cook's expectation of privacy.[2] We disagree.

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated." (Citations, punctuation, and emphasis omitted.) *Smith v. State*, 324 Ga. App. 542, 544 (1) (751 SE2d 164) (2013). Officers may gain "access justified by the Fourth Amendment by obtaining a warrant, obtaining consent, or by the existence of exigent circumstances which require the officers to act immediately without [a] warrant or consent." (Citation and punctuation omitted.) Id. "[A] warrantless search is presumed to be invalid and the State has the burden of showing otherwise." *Williams v. State*, 296 Ga.

_____

[1] In support of this argument, the State cites *State v. Young*, 234 Ga. 488, 493 (2) (216 SE2d 586) (1975), setting out three categories of searches: those by private persons, those by governmental agents, and those by governmental law enforcement agents. The Supreme Court held in *Young* that there is no Fourth Amendment interest at stake in searches conducted by private persons; searches by government agents are subject to Fourth Amendment protections, but not the exclusionary rule; and governmental law enforcement agents are covered by Fourth Amendment standards as well as the exclusionary rule. Id.

[2] The States concedes for purposes of appeal that Grady Hospital security officers are "state actors."

817, 819 (771 SE2d 373) (2015); see also OCGA § 17-5-30 (b) (the State bears the burden of proving that a search was lawful).[3]

Here, the only testimony presented was that of the police officer who was called to Grady Hospital. Importantly, the officer did not testify that he personally smelled marijuana. Notably, the State did not present any testimony from the hospital security officers who allegedly smelled the marijuana, confiscated the bag, and searched it.

Moreover, the State does not argue that Cook consented or that there were exigent circumstances justifying a warrantless search. Therefore, on these facts, we must conclude, as a matter of law, that the State failed to meet its burden under § 17-5-30 (b) to prove that the warrantless search of Cook's bag was lawful.

To the extent that the State argues that the officer's inspection of the backpack was not a search because it did not extend any further than the prior search conducted by security personnel, the State did not raise this issue before the trial court. "[I]nasmuch as we are a court for the correction of errors, we do not consider issues

---

[3] We note that the smell of marijuana, alone, can be sufficient probable cause to support a search warrant. *State v. Kazmierczak*, 331 Ga. App. 817, 823 (771 SE2d 473) (2015). Thus, the proper action here would have been to obtain a warrant before searching the bag.

4

which were not raised below and ruled on by the trial court." (Citation omitted.) *Spivey v. State*, 272 Ga. App. 224, 228 (2) (612 SE2d 65) (2005). We also do not address the State's argument as to whether Grady Hospital security personnel are governmental actors or governmental law enforcement actors because the trial court did not address this issue below. Id. Accordingly, because the State failed to meet its burden to prove that the search was lawful, we affirm the trial court's grant of the motion to suppress.

*Judgment affirmed. McFadden, J. concurs. McMillian, J., concurs in judgment only.*